UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:26-cv-00712-MWC-PD                    Date: April 10, 2026

Title     *Valerie Flores v. Amber Vang, et. al.*

Present: The Honorable:  Patricia Donahue, United States Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  Order to Show Cause Why the Complaint
Should Not be Dismissed as Duplicative**

On December 10, 2025, Plaintiff Valerie Flores ("Plaintiff"), proceeding pro se, filed the Complaint,[1] along with an application to proceed in district court without prepaying fees or costs in the United States District Court for the Northern District of New York.  Dkt. Nos. 1, 2.  Plaintiff named Amber Vang, Sacramento Family Justice Center, Atlas Free, Charles Leeb, Amy Gaedelis, Anaheim Community Hospital, Jason Lopes(z) or AKA "Lem", County of San Bernardino, and the San Bernardino District Attorney's Office as Defendants.  Dkt. No. 1.  Plaintiff also filed several letters and supplemental exhibits in support of her case.  *See* Dkt. Nos. 7-18.

---

[1] Plaintiff attached an Exhibit to her Complaint labeled "Motion to Reopen and Extend Time to File Brief for 92-182 Days from 12/10/2025" with a heading "9th Circuit Court of Appeals / Central District of California" and "Case No. EDCV24-1347-MWC-PD."  Dkt. No. 1-1.  Plaintiff did not have an appeal pending in the Ninth Circuit Court of Appeals, and this Court had issued a Report and Recommendation on November 14, 2025, in Case No. 24-1347-MWC-PD.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:26-cv-00712-MWC-PD                    Date: April 10, 2026

Title     *Valerie Flores v. Amber Vang, et. al.*

On March 23, 2026, in the Northern District of New York, the court issued an order transferring the instant case to the Central District of California because all of the Defendants, except one[2], reside in California and venue is therefore proper in the Central District.  Dkt. No. 19.[3]

## I.    Pertinent Procedural History

Previously, on June 10, 2024, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York, along with a request to proceed in forma pauperis ("IFP request"), naming most of the same defendants.  *See Flores v. Vang, et al.,* 5:24-cv-01347-MWC-PD (the "2024 Case"), Dkt. Nos. 1, 2.  On June 14, 2024, in the Southern District of New York, the court issued an order transferring that case to the Central District of California.  Dkt. No. 4.

On July 3, 2024, this Court granted Plaintiff's request to proceed without prepayment of fees.  Dkt. No. 7.  On July 31, 2024, this Court screened the Complaint and granted leave to amend.  Dkt. No. 8.  Plaintiff filed a First Amended Complaint, and on December 6, 2024, filed a Second Amended Complaint. Dkt. Nos. 10, 14.  On March 21, 2025, the Court issued a screening order dismissing the Second Amended Complaint with leave to amend. Dkt. No. 35.

On July 3, 2025, Plaintiff filed a Third Amended Complaint and subsequently filed an "Addition to the Record" and "Supplement to the Record."  Dkt. Nos. 40, 41, 43.   On November 14, 2025, the Court issued a Report and Recommendation ("Report) recommending that the Third Amended Complaint be dismissed without leave to amend.  Dkt. No. 46.  The

---

[2] Plaintiff alleges Defendant Atlas Free is domiciled in the State of Washington.

[3] On February 4, 2026, the District Court in Northern District of New York implemented a prefiling injunction stating that plaintiff may not commence any new actions in this District without proper permission of the chief judge, as well as a revocation of her MFT privileges. *See In re Valerie Flores,* 1:26-pf-0001 (BKS).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:26-cv-00712-MWC-PD                          Date: April 10, 2026

Title        *Valerie Flores v. Amber Vang, et. al.*

Report explained that the Third Amended Complaint was defective because: (1)  Plaintiff failed to include any claims under the Constitution, laws, or treaties of the United States or any federal causes of action and the Court, therefore, lacked subject matter jurisdiction; (2) Plaintiff failed to comply with Federal Rule of Civil Procedure 8; and (3) Plaintiff failed to state a claim against the California Highway Patrol.  The Report explained that the Third Amended Complaint should be dismissed without leave to amend.  *Id.*

The Court repeatedly explained to Plaintiff the deficiencies in her claims, warned her that her allegations were insufficient to state any cognizable claims, and granted her multiple opportunities to amend her complaints.  *Id.* at 12-14.  But each amended complaint did not cure the deficiencies and failed to allege any viable claims.  *Id.*  On December 19, 2025, the District Judge issued an Order Accepting the Report and Recommendation and entered Judgment dismissing the Third Amended Complaint without leave to amend.  Dkt. Nos. 49, 50.

## II.    Discussion

The Court is required to screen pro se complaints and dismiss claims that, amount other things, are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).  A complaint may be dismissed as frivolous if it merely "repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citations and internal quotations omitted).  "A duplicative action, arising from the same series of events and alleging many of the same facts as an earlier suit may be dismissed as frivolous or malicious under Section 1915(e)." *Lewis v. Ugwueze*, 2020 WL 5899515, at *1 (E.D. Cal. Sep. 9, 2020). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 688 (9th Cir. 2007) *overruled in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008) (explaining that an action is duplicative if "the causes of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:26-cv-00712-MWC-PD                           Date: April 10, 2026

Title       *Valerie Flores v. Amber Vang, et. al.*

action and relief sought, as well as the parties ... to the action, are the same"
(citations omitted)).

In assessing whether the second action is duplicative of the first, the
court examines whether the causes of action and relief sought, as well as the
parties or privies to the action, are the same. S*ee Miller v. Najera*, 2021 WL
6067003 (9th Cir. Dec. 20, 2021) (unpublished) (applying *Adams*); *Owens v.
Braithwaite*, 812 F. App'x 577 (9th Cir. 2020) (unpublished) (same).

Upon review, the Court finds that this action is substantively identical
to the 2024 Case.  Plaintiff alleges "ongoing stalking & targeted harassment
& interference with jobs & possible criminal damage to property to vehicle."
Dkt. No. 1 at 3.  Plaintiff alleges that her "car was broken into at [her] job
possibly by a white Mercedes Sedan who [she] has repeatedly encountered
since 12/2023."  *Id.*  Plaintiff further alleges that she has had "car issues with
[her] car doors unlocking on its own after seeing CA license plates go by [her]
car in the NY area."  *Id.* at 4.  Plaintiff alleges that she has seen "what looks
like Amy Gaedelis' circle around [her] car in a parking lot in NY" and that
she has "recently seen a blond woman that resembled Judge Melissa
Rodriguez in a fluorescent green BMW with CA tags."  *Id.*  She alleges that
she has been followed by an Asian male and then possibly by Amber Vang."
*Id.*

In the 2024 Case, Plaintiff raised the same claims against almost all of
the same defendants and alleges an almost identical set of facts and claims—
harassment and stalking, missing property, Plaintiff was in Las Vegas,
Nevada, and encountered a black Mercedes Benz SUV with California license
plates and the male resembled Dr. Charles Leeb, she saw a Mercedes Benz in
New York City with a license plate "DRZ" and noted that a "Dr. Z" worked at
Anaheim Community Hospital, and "there is no reason they should be
harassing or stalking me across state lines."  *See Valerie L. Flores v. Amber
Vang, et al.*  5:24-cv-01347-MWC-PD, Dkt. Nos. 1, 10, 14, 40, 41, 43, 46.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   8:26-cv-00712-MWC-PD                          Date: April 10, 2026

Title      *Valerie Flores v. Amber Vang, et. al.*


The only difference between the 2024 Case and the instant case is that in the instant case Plaintiff names Atlas Free, whom Plaintiff alleges resides in Kirkland, Washington.  Dkt. No. 1 at 1, 2.  Plaintiff, however, fails to allege any facts or claims against him.  Plaintiff also lists "Jason Lopes (z) or AKA 'Lem' " in the caption of her Complaint; however, she fails to allege any facts or claims against him.  Since the instant case appears duplicative to the 2024 Case, it is subject to dismissal as duplicative.

### III.   Order

For the foregoing reasons, by **May 4, 2026**, Plaintiff is ORDERED TO SHOW CAUSE why the Court should not recommend that the Complaint be dismissed as duplicative. *See* 28 U.S.C. § 1915(e)(2)(B).

If, given the contents of this Order, Plaintiff elects not to proceed in this action, she may expedite matters by signing and returning the attached Notice of Dismissal by **May 4, 2026**, which will result in the voluntary dismissal of this action without prejudice.

**Plaintiff is cautioned that, absent further order of the Court, her failure to timely file a response to this Order or Notice of Dismissal, may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute**.

IT IS SO ORDERED.

**Attachments**:

--Notice of Voluntary Dismissal (CV-09)